IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 17-22572-GLT |
| CIRCULATORY CENTERS OF AMERICA, LLC, et. al., | Chapter 11 (Jointly Administered) |
| Debtor, | Related to Doc. No. 70 |
| FIFTH THIRD BANK, | HEARING DATE & TIME: |
| Movant, | |
| -vs- | |
| CIRCULATORY CENTERS OF AMERICA, LLC, et. al., | |
| Respondents/Debtors. | |

## AMENDED MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

AND NOW, comes Movant, Fifth Third Bank (the "Bank"), by and through its undersigned counsel, Bernstein-Burkley, P.C., and files this Amended Motion for Appointment of a Chapter 11 Trustee (the "Amended Motion"), averring as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408-1409.

2. Section 1104 of title 11, United States Code, 11 U.S.C. §§ 101 *et. seq.* (as amended, "Bankruptcy Code") serves as the statutory basis for the relief hereinafter requested.

### AMENDMENT

3. On May 16, 2017, the Bank filed a Motion to Appoint a Chapter 11 Trustee in Debtor, Circulatory Center of West Virginia, Inc.'s ("CCWV") bankruptcy case, number 17-20211, at docket number 49 (the "Motion to Appoint").

4. On August 18, 2017, this Honorable Court entered an Order (A) Setting Discovery and Pretrial Deadlines and (B) Establishing Evidentiary Hearing/Trial Date, at docket number 70 with respect to the Motion to Appoint. An evidentiary hearing on the Motion to Appoint is scheduled for September 7, 2017 at 10:00 a.m. (the "Trustee Hearing").

5. On June 23, 2017, CCWV filed an Expedited Motion for Joint Administration of Cases Pursuant to Fed. R. Bankr. P. 1015(b), requesting to have affiliated debtor, Circulatory Centers of America, LLC's bankruptcy case jointly administered.

6. On June 29, 2017, this Honorable Court entered an Order granting the Joint Administration of CCWV, CCA, and related debtors bankruptcy cases, in the above-captioned bankruptcy case, as captioned In re: *Circulatory Centers of America, et al* (the "Joint Case").

7. The Bank incorporates its Motion to Appoint in full as set forth herein and confirms for the record its request to appoint a Chapter 11 trustee in the Joint Case.

## RELIEF REQUESTED

8. Since the filing of the Motion to Appoint and subsequent joint administration of the cases, the Debtors have filed a Motion to Sell Personalty Free and Clear of All Liens, Claims and Encumbrances, docket number 42 (the "Motion to Sell") seeking approval of an Asset Purchase Agreement with USA Vein Clinics of Chicago, LLC ("Purchaser").

9. On August 4, 2017, the Bank filed its Objection to the Motion to Sell, docket number 62, on the basis, *inter alia*, the Bank, the Debtors' primary secured creditor, does not consent to the sale, the proposed sale would not generate sufficient proceeds to satisfy the claims of secured creditors, including the Bank, and Debtors have not provided a scintilla of evidence relating to the Debtors' marketing of the sale or the value of the Debtors' assets versus sale proceeds allocated to non-Debtor assets being sold to the same Purchaser.

10. The United States Attorney's Office's fraud investigation with respect to false claims relating to the Medicare program and the Pennsylvania Medicaid program (the "Fraud Investigation") as discussed in the Motion to Appoint continues to be ongoing.

11. To that end, the Bank has requested the testimony of a representative for the Department of Justice at the Trustee Hearing with respect to certain issues regarding the pending investigation.

12. The Bank believes the proposed sale of the Debtors indicates that the Debtors' proposed sale is not filed in good faith and is structured to benefit insiders and non-Debtors' to the detriment of creditors..

13. Accordingly, cause exists to appoint a trustee pursuant to 11 U.S.C. § 1104(a)(1) for fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtors by current management as evidenced in part by the Fraud Investigation, the lack of marketing efforts with respect to the proposed sale and the general and ongoing inability of the Debtors to fulfill their bankruptcy procedural obligations, including their obligation to maximize the value of Debtors' assets for the benefit of creditors, rather than insiders.

14. Appointment of a Chapter 11 Trustee will enable the Debtors' assets to be sold in a fair and reasonable manner and maintain the value of a going concern business and save employees jobs. Accordingly, the Bank believes and therefore avers it is in the best interests of creditors and other interests of the estate under 11 U.S.C. § 1104(a)(2)

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order appointing a Chapter 11 Trustee in these jointly administered bankruptcy cases.

Dated: August 29, 2017          Respectfully submitted,

                                BERNSTEIN-BURKLEY, P.C.

                                By: /s/ Kirk B. Burkley
                                Kirk B. Burkley, Esq. (PA ID #89511)

Kerri Coriston Sturm (PA ID #89838)
Bernstein-Burkley, P.C.
Suite 2200, 707 Grant Street
Pittsburgh, PA 15219
Telephone:(412)456-8108
Facsimile: (412) 456-8135
E-mail: kburkley@bernsteinlaw.com
E-mail: ksturm@bernsteinlaw.co

Attorney for Fifth Third Bank