# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Case No. 17-22572-GLT |
| | ) | |
| Circulatory Centers of America, LLC, *et al.*[1] | ) | Chapter 11 |
| | ) | |
| Debtors | ) | |
| | ) | |
| Rosalie Fond | ) | Docket No. _____ |
| | ) | |
| Movant | ) | Hearing Date & Time: |
| | ) | January 4, 2018 at 10:30 a.m. |
| -vs- | ) | |
| | ) | Response Date: |
| Circulatory Center of America, LLC | ) | December 28, 2017  4:00 p.m. |
| | ) | |
| Respondent | ) | |

**MOTION OF ROSALIE FOND FOR AN ORDER COMPELLING THE
PAYMENT OF POST-PETITION RENT AND RELATED LEASE OBLIGATIONS
PURSUANT TO 11 U.S.C. §365(d)(3)**

TO:  THE HONORABLE GREGORY L. TADDONIO,
     UNITED STATES BANKRUPTCY JUDGE

Now comes Rosalie Fond, by and through her undersigned attorneys, and hereby submits her motion for an order compelling payment of post-petition rent and related lease obligations pursuant to 11 U.S.C. §365(d)(3), as more particularly described herein, and respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This matter is a core proceeding under 28 U.S.C. §157(b)(A) and (B).

2. Venue is proper to this Court pursuant to 28 U.S.C. §§1408 and 1409.

---

[1] The Debtors in these Chapter 11 bankruptcy cases, along with the last four digits of each Debtor's federal tax identification number, include:  Circulatory Centers of America, LLC (6380); Circulatory Centers, P.C. (0855); Circulatory Center of West Virginia, Inc. (0225); Circulatory Centers of Ohio, Inc. (2264); and Circulatory Center of Pennsylvania, Inc. (5371)

## BACKGROUND

3.  On June 23, 2017 (the "Petition Date"), Circulatory Centers of America, LLC ("Debtor" and, together with certain of its affiliates, the "Debtors") filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.  Pursuant to §§1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their business and manage their properties as a debtor-in-possession.

5.  Rosalie Fond owns certain real property located at 397 Churchill-Hubbard Road, Youngstown (Liberty Township), Ohio, consisting of commercial office space (the "Property").

6.  Pursuant to a nonresidential real property lease dated May 13, 2013 (the "Lease"), Debtor, as lessee, leased approximately 7.716 square feet of commercial space at the Property (the "Premises") for the operation of its business headquarters. A copy of the Lease is attached hereto as Exhibit "A".

7.  As of the date of this filing, the Debtor, despite demand by Rosalie Fond, has not made any post-petition payments pursuant to the Lease since August 25, 2017, said payment being for the month of July, 2017.

8.  Annexed hereto and made a part hereof as Exhibit "B" is a summary reflecting post-petition amounts due under the Lease, in the total amount of $30,060.25.

9.  For the reasons hereinafter set forth, this Court should enter an order compelling the Debtor immediately to satisfy the post-petition obligations arising under the Lease.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

### The Debtors Were Required to Pay Their Full Rent Obligations Under the Leases Under §365(d)(3).

10.  Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> "The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief

under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

11. By operation of §365(d)(3), the Debtor is obligated to pay post-petition rent timely and in full as provided in the Lease for each month in which the Lease remains in effect and to perform all other obligations, including maintaining appropriate liability, property and casualty insurance.

12. Congress' intent under §365(d)(3) was to ensure that landlords do not bear the burden of involuntarily subsidizing or financing a debtor's post-petition business operations.

13. The Lease provides that rent is due and payable on the fifth day of each month during the respective lease terms. As such, the Debtor was required to pay the monthly lease obligations in full, without deductions, on the fifth day of each month. The Debtor has not made such payments for the months of August, September, October, November, or December of 2017.

## CONCLUSION

14. For the foregoing reasons, Rosalie Fond respectfully requests the entry of an order pursuant to §365(d)(3) of the Bankruptcy Code directing the Debtor, Circulatory Centers of America, LLC, immediately to satisfy the unpaid balances arising under the Lease.

WHEREFORE, Rosalie Fond respectfully requests the entry of an order granting the foregoing relief, together with such other and further relief as is just and proper.

Dated: December 8, 2017                               **BROUSE McDOWELL**

                                                                              By:    *Kevin L. Bradford*
Kevin L. Bradford (PA I.D. #310930)
Timothy M. Reardon (#0059631)
6550 Seville Dr., Suite B
Canfield, Ohio 44406
330-533-6195 (telephone)
330-533-6198 (fax)
kbradford@brouse.com

*Attorneys for Rosalie Fond*

#1012840