**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | |
| CIRCULATORY CENTERS OF, AMERICA, LLC, et. al., | Bankruptcy No. 17-22572-GLT |
| | Chapter 11 |
| Debtor. | |
| | (Jointly Administered) |
| NATALIE LUTZ CARDIELLO, TRUSTEE | Document No. |
| Movant, | Related to Doc. No. |
| vs. | |
| PENNSYLVANIA DEPARTMENT OF REVENUE, INTERNAL REVENUE SERVICE, FIFTH THIRD BANK, LIN TELEVISION CORPORATION, SINCLAIR BROADCAST GROUP, INC., WJAC LICENSEE LLC, COVIDIEN SALES LLC, TIMBERLINE MOB, LLC, MAX MEDIA, GE HFS, LLC, | |
| Respondents. | |

**AMENDED**
**MOTION FOR SALE OF PERSONALTY**
**FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

**AND NOW**, comes Natalie Lutz Cardiello, Esquire, Trustee for Circulatory Centers of America, LLC, et. al., the Jointly Administered Debtors, by and through her undersigned counsel, and files this **AMENDED MOTION FOR SALE OF PERSONALTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES,** as follows:

1. Circulatory Centers of America, LLC, et. al., are the Debtors in the above Chapter 11 Cases which are Jointly Administered and includes:

    a. Circulatory Centers of America, LLC;

    b. Circulatory Center of Pennsylvania, Inc.;

1

    c.    Circulatory Center of Ohio, Inc.,

    d.    Circulatory Center of West Virginia, Inc., and

    e.    Circulatory Centers, P.C.

2. The above-referenced Debtors commenced their Chapter 11 Cases on the following dates:

    a.    Circulatory Centers of America, LLC, Bankruptcy Case No. 17-22572-GLT was filed on June 23, 2017;

    b.    Circulatory Center of Pennsylvania, Inc., Bankruptcy Case No. 17-22576-GLT was filed on June 23, 2017;

    c.    Circulatory Center of Ohio, Inc., Bankruptcy Case No. 17-22575-GLT was    filed on June 23, 2017,

    d.    Circulatory Center of West Virginia, Inc., Bankruptcy Case No. 17-20211-GLT was filed on January 20, 2017, and

    e.    Circulatory Centers, P.C., Bankruptcy Case No. 17-22571-GLT was filed on June 23, 2017.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 157 and 11 U.S.C. Section 363.

4. The Trustee intends to entered into the Asset Purchase Agreement attached hereto as **EXHIBIT A**, with MVC MSO, LLC, a Delaware limited liability company as nominee for multiple entities to be named prior to closing ("Buyer"), whereby the Buyer intends to purchase the personal property owned and used by the Debtor in the operation of its business ("Personal Property"). Attached as **EXHIBIT B** is a redlined copy of the Asset Purchase Agreement which reflects the differences between the Asset Purchase Agreement signed by the Trustee and the Asset Purchase Agreement previously signed by the Debtor in connection with a proposed sale to USA Vein Clinics of Chicago, LLC, an Illinois limited liability company, as nominee.

2

5. The purchase price is Two Million One Hundred Fifty Thousand Dollars ($2,150.000), One Hundred Thousand Dollars ($100,000) of which will be paid to the Trustee as hand money and held in an escrow account designated by the Trustee, and Two Million Fifty Thousand Dollars ($2,050.000) which shall be paid in full at the time of closing.

6. At the time of the closing on the sale, the following disbursements will be made:

    a.) The sum of One Million Dollars ($1,000.000) will be paid to Fifth Third Bank; and

    b.) The sum of Five Hundred Thousand Dollars ($500,000) will be paid to the United States of America;

    c.) The sum of Five Hundred Thousand Dollars ($500,000) will be held by the Trustee or a disbursing agent for Administrative Claims, the allocation of which will be determined by the Sale Order or by a separate Order of Court; and

    d.) The sum of One Hundred Fifty Thousand Dollars ($150,000) will be held by the Trustee or a disbursing agent pending further Order of Court.

7. The Respondents which may hold liens, claims and encumbrances against the Personal Property are as follows:

    a. Internal Revenue Service,

    b. Pennsylvania Department of Revenue,

    c. Fifth Third Bank,

    d. LIN Television Corporation,

    e. Sinclair Broadcast Group Inc.,

    f. WJAC Licensee LLC,

    g. Covidien Sales LLC,

        h.        Timberline MOB, LLC,

        i.        Max Media, and

        j.        GE HFS, LLC

8.        The Personalty is being sold as-is, where-is.

9.        The Trustee believes, and therefore avers, that the proposed sale is fair and reasonable and acceptance and approval of the same is in the best interest of this Estate.

10.        The Trustee requests that the stay imposed by Rule 6004(h) and Rule 6006(d) be waived.

**WHEREFORE**, the Movant respectfully requests that this Honorable Court enter an Order approving the sale of the personalty free and clear of all liens, claims and encumbrances.

        Respectfully Submitted,

Date: <u>January 17, 2018</u>        */s/ Natalie Lutz Cardiello*
        Natalie Lutz Cardiello, Esquire
        PA I.D. #51296
        Counsel for the Trustee
        107 Huron Drive
        Carnegie, PA 15106
        (412) 276-4043
        Email: ncardiello@comcast.net