IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAN 26 2018

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 17-22572-GLT |
| | : | Chapter: 11 |
| Circulatory Centers of America, LLC | : | |
| | : | Date: 1/25/2018 |
| Debtor(s). | : | Time: 1:30 |

# PROCEEDING MEMO

**MATTER:**

#334 - Status Conference on #6 Motion to Use Cash Collateral filed by the Debtor, #214 Motion to Compel filed by Baldwin Gardens, #216 Motion to Compel filed by Baldwin Gardens, #281 Amended Motion to Sell filed by the trustee.

**APPEARANCES:**

| | |
|---|---|
| Debtor: | David Fuchs [CourtCall] |
| Trustee: | Natalie Lutz Cardiello [CourtCall] |
| Baldwin Gardens: | Guy Fustine [CourtCall] |
| USA Vein: | Nicholas Pagliari [CourtCall] |
| Fifth Third: | Robert Bernstein [CourCall] |
| MetroVein: | Frank Guadagnino [CourtCall] |
| Union Real Estate: | Carol Coliane |
| United States: | Rachel Mamula, Colin Callahan, Jill Locnikar |

**NOTES:**

Cardiello: Corporate structure made it difficult to locate all the necessary contracts, and it took time to deal with regulatory issues. Requested the continuance because USA Vein did not have much time to review the documents.

Court: The original sale motion made no reference to section 365, but the proposed sale order makes clear that leases will be assumed. Have any of those landlords been served with the sale documents?

Cardiello: In the process of getting their consent.

Court: Do you anticipate notifying any landlords other than those named in the proposed sale order?

Cardiello: A few others. Some have already been rejected and would prefer to enter new leases with the buyer.

Court: The Court expects either consent or some proof of adequate notice to those parties. You're not seeking any rejections of executory contracts or unexpired leases through this sale?

Guadagnino: We have scheduled only those leases for which we have cure waivers. With respect to other executory contracts, a lot of the assigning or renegotiating may have to be done post-closing. Only contemplating assuming those contracts for which they can get cure waivers.

Court: There is currently nothing on record that all the parties have been advised that their contracts are in play. What is your position with respect to the non-Debtor entity in New York?

Guadagnino: Proposed offer does not include that entity.

Cardiello: That company is now out of business.

Court: There are a number of properties not listed on Ex. A or Sched. 1.1(a). What are the party's intentions with respect to those locations?

Cardiello: Some are closed. The Robinson and Warren locations are the only open ones not listed on Sched. 1.1(a). There are minimal assets there.

Court: What is happening to those assets under the sale agreement?

Cardiello: It depends on who the ultimate purchaser is.

Court: The Court needs clarity on what is and isn't being conveyed.

Fustine: Requests new deadline for sale objections.

Court: The Court already set a deadline for them. Why does there need to be a new one?

Fustine: There have been additional filings. Plans to object because client's lease is listed for assignment even though it has already been rejected by operation of law. Also, there are over $26,000 in postpetition arrears.

Court: The Court does not see that Baldwin Gardens' lease is listed for assumption.

Fustine: Has had discussions with the trustee and potential buyers about the lease. The trustee's motion appears to show the lease will be assigned.

Court: The Court understands that to be a listing of locations where the buyer would obtain equipment.

Fustine: Wants to file objection because postpetition rent doesn't require an additional Court order. It should just be paid out at the time of closing. Further, even though the lease has been deemed rejected, it's still open for business.

Court: You're free to file a motion for leave to file a late-filed objection.

*OUTCOME:*

1. The status conference [Dkt. No. 334] is concluded.

**DATED:** 1/25/2018