IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                              : Case No.:    17-22572-GLT
                                                    : Chapter:     11
Circulatory Centers of America, LLC                 :
                                                    :
                                                    : Date:        1/30/2018
                    *Debtor.*                       : Time:        2:00

**FILED**

JAN 31 2018

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

## PROCEEDING MEMO

*MATTER:*

#6 - Continued Emergency Motion to Authorize Use Cash Collateral filed by the Debtor

#214 - Continued Motion to Compel Assumption or Rejection of Unexpired Lease Pursuant to 11 U.S.C. Sec. 365(d)(2) by Baldwin Gardens, Inc.
   #249 - Response by Debtor

#216 - Continued Motion to Compel Payment of Post-Petition Rent and Related Lease Obligations Pursuant to 11 U.S.C. Sec. 365(d)(3) and 11 U.S.C. Sec. 503(b) by Baldwin Gardens, Inc.
   #250 - Response by Debtor

#281 - Continued Amended Motion for Sale of Personalty Property to USA Vein Clinics of Chicago, LLC
   #302 - Limited Objection by Com. of PA, DOR
   #314 - Limited Objection by Fifth Third Bank
   #327 - Amended Proposed Order
   #331 - Exhibits & Schedules to Purchase Agreement & First Amendment Purchase Agreement by Trustee
   #332 - Limited Objection by GE HFS, LLC
   #343 - Second Amendment to Asset Purchase Agreement
   #344 - Amended Proposed Order

*APPEARANCES:*

| | |
|---|---|
| Debtor: | David Fuchs [President David Gilpatrick and CFO Everett Burns personally present] |
| Trustee: | Natalie Lutz Cardiello |
| Baldwin Gardens: | Guy Fustine [CourtCall] |
| USA Vein: | Nicholas Pagliari, Alexander Drapatsky |
| Fifth Third: | Kirk Burkley |
| MetroVein: | Frank Guadagnino, Kelsey Hitchcock [Exec. Director Alessio Baraldi personally present] |
| Union Real Estate: | Carol Coliane |
| United States: | Rachel Mamula, Colin Callahan, Jill Locnikar |
| Com. of PA: | Robert Edmundson |
| GE HFS LLC: | Eric Rosenberg |

*NOTES:*

Cardiello: The proposed sale excludes items such as furniture and equipment in North Canton, Canfield, and Altoona, cash and cash equivalents, bank accounts, vehicles, and GE HFS equipment.

Edmundson: Objection has been resolved.

Rosenberg: Objection has been resolved.

Burkley: Objection has been resolved under the current sale motion, pending any new objections that may arise from the

bidding process.

Cardiello: Has offer for $2.15 million from Metro Vein. USA Vein is prepared to bid on the assets. Requests the Court open bidding.

Court: Based on the lead bid, increments of $100,000 make sense.

Pagliari: There are some differences between the two offers. USA Vein is bidding on two additional locations not included in Metro Vein's bid: Robinson and Warren.

Guadagnino: Metro Vein is now interested in the Robinson location as well.

Pagliari: USA Vein is also not assuming the Morgantown, North Canton, Erie, and Monroeville leases. Has a stipulation with the trustee that the detriment to the estate would be $42,000 and will add this to the bid.

Fustine: The postpetition rent for the Erie property is $26,445. If the lease is continued through the term, it would accept one half of that amount as the cure cost even though the lease has been deemed rejected in return for an additional year added to the term. There would be an over $13,000 benefit to the estate if the bidder is willing to accept this location.

Cardiello: There are about $157,000 in postpetition claims for five practice locations and one administrative office in Youngstown.

*[Fifteen-minute recess to determine final lease issues.]*

Cardiello: Monroeville and Morgantown have agreed to waive the cure amount.

Guadagnino: Also Robinson.

Cardiello: That takes the calculation to $100,824.

Guadagnino: We would be amenable to the reduced cure offer by Erie as well. Altoona and North Canton are the only two remaining cure claims.

Cardiello: North Canton has a settlement for $2,276 but the actual amount due is $9,030. Metro Vein would pay the difference for not taking that office. Altoona has a claim for $19,806--no resolution.

Burkley: Metro Vein will bid an additional $50,000 to take all the equipment. USA Vein and Metro Vein will be taking everything--nothing is being excluded anymore other than the itemized carveouts.

Pagliari: Agrees.

Guadagnino: Agrees.

Court: What's happening to the assets in the New York office that belong to CC America?

Burkley: If it belongs to the Debtor, it's included in this purchase.

Cardiello: Confirms. It's now located in the Fox Chapel location.

Court: As to the leases, Metro Vein has everything listed plus Robinson, correct?

Guadagnino: Yes, plus it will assume the Morgantown lease with a $37,517 cure and take Monroeville as a new lease with no cure amount. Taking Erie under the terms Mr. Fustine proposed. Also intends to take assignment of North Canton with consideration of $2,276 to cure the arrearage paid by the estate.

Court: The Court understands that the leases not in play under Metro Vein's lead bid are Somerset, Youngstown, Warren, Columbus, Lorraine, Wooster, and Willoughby Hills?

Cardiello: Columbus and Lorraine offices are closed.

Gilpatrick: Have not functioned in Willoughby, Lorraine, Columbus, and Wooster since anywhere between eight and sixteen months ago, prepetition. Vacated Wheeling and Somerset two years ago.

Cardiello: Estimated postpetition claim for Youngstown is $30,060.25.

Pagliari: To confirm: Morgantown has about $37,517 postpetition rent due. If Metro Vein assumes it, it will pay that amount over a period of time?

Guadagnino: Yes. There is a consent by the landlord to that.

Pagliari: The cure amount for Robinson is being waived altogether?

Guadagnino: Yes.

Pagliari: Monroeville is being assumed with no cure amount?

Guadagnino: It would be a new lease with a cure waiver. Also, Altoona is not being included.

*[Five-minute recess for Pagliari to confirm USA Vein will assume Morgantown for a $37,517 cure amount and extension through 2024.]*

Pagliari: Will assume Erie, Monroeville, and Canton, but not Altoona, Youngstown, Morgantown, or Robinson. This means the cure amount of $19,324 for Robinson and $37,517 for Morgantown will be added to our closing bid. The starting bid including all the equipment is now $2.2 million, with bid increments of $100 thousand?

Court Yes. So your starting bid will be $2.3 million plus about $57,000 for the Morgantown and Robinson cure amounts?

Pagliari: Yes, based on the asset-purchase agreement we submitted.

Cardiello: That agreement includes all current bank accounts (not the cash in them at closing, but accounts receivable) that we need to confirm from a regulatory standpoint.

Callahan: Doesn't see any material problems but would need a chance to review the agreement for potential regulatory issues.

Court: How does the term sheet in section 1.5(d) of USA Vein's asset-purchase agreement differ from the comfort letter?

Callahan: The term sheet is a draft document that's been shared with both the potential purchasers. Comfort letters are essentially a snapshot of US intentions with respect to alleged False Claims Act violations.

Fustine: To clarify, the additional year added to the Erie lease would extend it through 12/31/23 with no cancellation right.

Guadagnino: Metro Vein accepts this term.

Pagliari: If we assume Erie, we'll pay the $13,222 cure with the one-year extension, but if we don't, we'll pay the full cure amount.

*[The assets are exposed for bidding. Five-minute recess to determine whether there will be a higher and better offer than USA Vein's $2.3 million bid (plus $57,000 cure amounts).]*

Cardiello: The parties are interested in $50,000 increments rather than $100,000.

Court: If everyone consents, that is acceptable.

Guadagnino: USA Vein's bid will be in cash?

Pagliari: Yes.

Guadagnino: Bids $2.35 million.

Pagliari: Bids $2.4 million (plus $57,000 cure amounts).

Guadagnino: Bids $2.45 million.

Pagliari: Bids $2.5 million (plus $57,000 cure amounts).

Guadanino: Bids $2.55 million.

Pagliari: Bids $2.6 million (plus $57,000 cure amounts).

Guadagnino: Bids $2.65 million.

Pagliari: Bids $2.7 million (plus $57,000 cure amounts).

Guadagnino: Bids $2.75 million.

Pagliari: Bids $2.8 million (plus $57,000 cure amounts).

Guadagnino: Requests five minutes to consult.

*[Five-minute recess for Metro Vein to consider whether to continue bidding.]*

Guadagnino: Bids $2.85 million.

Pagliari: Bids $2.9 million (plus $57,000 cure amounts).

Guadagnino: Bids $2.95 million.

Pagliari: Bids $3 million (plus $57,000 cure amounts).

Guadagnino: Requests five minutes to consult.

*[Five-minute recess for Metro Vein to consider whether to continue bidding.]*

Guadagnino: Bids $3.05 million.

Pagliari: Bids $3.1 million (plus $57,000 cure amounts).

Guadagnino: No further offer.

Court: USA Vein's offer of $3.1 million plus $57,000 cure amounts is the highest and best offer. Does Metro Vein wish to register a backup bid?

Guadagnino: Yes, the last bid.

Court: Metro Vein's bid of $3.05 million is registered as the backup bid.

Cardiello: Wishes to confirm USA Vein can close by February 4 per the sale order?

*[Five-minute recess to work out the closing date.]*

Cardiello: Closing date will be February 2. Parties will submit a new proposed sale order.

Court: The Court would like to clarify that the new sale order will reserve an adequate amount to cover the administrative expenses.

Cardiello: The bank escrow of $50,000 plus the terms of the sale will cover them.

Court: That appears to cover only post-closing expenses under the Transitional Services Agreement. In section 7.2, does USA Vein object to the Court striking out "and other entities"?

Pagliari: No.

**OUTCOME:**

1. On or before January 31, 2018, USA Vein and the chapter 11 trustee shall submit a proposed order resolving the sale motion [Dkt. No. 281] under a certification of counsel. (Text Order to issue.)

2. The Motion to Compel Assumption [Dkt. No. 214] is denied as moot. The lease between Baldwin Gardens, Inc. and the Debtor, Circulatory Centers of Pennsylvania, Inc., is deemed rejected as of January 19, 2018 pursuant to 11 U.S.C. § 365(d)(4)

3. The Motion to Compel Payment [Dkt. No. 216] is continued to February 8, 2018 at 11:00 a.m. To the extent the motion is resolved at the closing of the sale of the Debtor's assets, the parties shall submit a proposed order under a certification of counsel on or before February 6, 2018. (Text Order to issue.)

4. The Motion to Use Cash Collateral [Dkt. No. 6] is continued indefinitely, and the chapter 11 trustee is permitted to continue using cash collateral per the agreement by Fifth Third and the chapter 11 trustee pending further Court order. (Text Order to issue.)

**DATED:** 1/30/2018